UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-40246 FDS

```
* * * * * * * * * * * * * * * **
MARICILVIA SEGOVIA and          *
NEIARES S. SINGH                *
     Plaintiffs                 *    MEMORANDUM IN SUPPORT OF
                                *    PLAINTIFFS' OPPOSITION TO
     vs.                        *    DEFENDANT'S MOTION TO
                                *    DISMISS UNDER RULE 12(b)(2)
RAYMOND LACHAPELLE              *
     Defendant                  *
* * * * * * * * * * * * * * * **
```

This is an action arising out of a motor vehicle accident that occurred on November 25, 2002, while the Plaintiffs were operating a vehicle traveling Southbound on I-395 in Norwich, Connecticut. At the same time, the Defendant was operating his vehicle Northbound driving in the wrong direction on the Southbound lanes on I-395 in Norwich, and struck the Plaintiffs' vehicle. The Defendant incorrectly argues in his Motion to Dismiss that the Court lacks jurisdiction over the Defendant. As grounds therefore, Plaintiffs state as follows:

The Plaintiffs, Maricilvia Segovia and Neiares S. Singh, are individuals who reside in Shrewsbury, County of Worcester, Massachusetts. (Complaint, Paragraphs 1 and 2). The Defendant is an individual who lives in Jewett City, County of New London, Connecticut. (Complaint, Paragraph 3). Plaintiffs' medical bills exceed $38,000.00 and Plaintiffs suffered loss of earning capacity. (Civil Cover Sheet).

Pursuant to 28 U.S.C. §1332(a)(1), District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. In this case, diversity of citizenship clearly exists in that the Plaintiffs are citizens of Massachusetts and the Defendant is a citizen of Connecticut. Moreover, the Defendant makes no argument in his Motion to Dismiss that the matter in controversy does not exceed $75,000.00. Accordingly, pursuant to 28 U.S.C. §1332(a)(1), the U.S. District Court for the District of Massachusetts has jurisdiction over the Defendant, and Defendant's Motion to Dismiss must be denied.

RESPECTFULLY SUBMITTED,
BY Plaintiff's Attorney:

_____
MARTIN KANTROVITZ, ESQ.
LAW OFFICES OF MARTIN KANTROVITZ
185 Devonshire Street
Boston, MA 02110
(BBO #258200)
(617-426-3050)

### CERTIFICATE OF SERVICE

I, Martin Kantrovitz, Esq., do hereby certify that I have on this 22nd day of February, 2005, served a copy of the foregoing attached documents:

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(2)**

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(2)**

upon all counsel of record by mailing the same to each of them via overnight, to:

> Gerard R. Laurence, Esq.
> Milton, Laurence & Dixon
> 100 Front Street
> Suite 1510
> Worcester, MA   01608

Respectfully Submitted
By Plaintiffs' Attorney:

_/s/ Martin Kantrovitz_
MARTIN KANTROVITZ, ESQ.
LAW OFFICES OF
MARTIN KANTROVITZ
185 Devonshire Street
Boston, MA   02110
(617-426-3050)
(BBO #258200)