UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARICILVIA SEGOVIA and<br>NEIARES S. SINGH,<br><br>      Plaintiffs,<br><br>      v.<br><br>RAYMOND LACHAPELLE,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)   04-40246-FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**SAYLOR, J.**

      On November 23, 2004, Maricilvia Segovia and Neiares Singh, citizens of Massachusetts, filed suit in this Court against Raymond LaChapelle, a citizen of Connecticut, for damages arising out of an automobile accident that occurred in Connecticut. LaChapelle has filed a motion to dismiss the complaint for lack of personal jurisdiction. For the reasons set forth below, the motion to dismiss will be denied, and this case will be transferred to the United States District Court for the District of Connecticut for further proceedings.

**I.    Background**

      The following facts are as alleged in the complaint.

      Segovia and Singh, the plaintiffs, reside in Shrewsbury, Massachusetts. LaChapelle is an individual who resides in Jewett City, Connecticut.

      On November 25, 2002, Singh, with Segovia as her passenger, was operating a motor vehicle traveling southbound on Interstate 395 in Norwich, Connecticut. LaChapelle struck their vehicle while operating a vehicle traveling northbound in the southbound lanes of I-395.

Plaintiffs claim that LaChapelle's negligence directly and proximately caused them to suffer serious injuries, including more than $38,000 in medical bills, pain and suffering, and lost wages and earning capacity.

The return of service filed by plaintiffs indicates that they served the complaint and summons in this case by transmitting those documents via certified mail to LaChapelle at a Brooklyn, Connecticut address on January 5, 2005. Service was accepted on January 12, 2005, by an individual other than LaChapelle.

## II.  Legal Analysis

On February 9, 2005, LaChapelle filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In their memorandum opposing LaChapelle's motion, plaintiffs argue only that this Court has *subject-matter* jurisdiction over this case; they do not address the question whether the Court has *personal* jurisdiction over LaChapelle. As explained below, the Court agrees with LaChapelle that it does not have personal jurisdiction over him; nevertheless, the Court finds that it would be in the interests of justice to transfer this case to the District of Connecticut rather than to dismiss it pursuant to Rule 12(b)(2).

### A.  Personal Jurisdiction

To hear a case, a court must have "'the power to require the parties to obey its decrees,'" or personal jurisdiction. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002) (quoting *United States v. Swiss Am. Bank, Ltd.*, 191 F.3d 30, 35 (1st Cir. 1999)). The plaintiff bears the burden of proving that the court has personal jurisdiction over the defendant. *Id.* (citing *Foster-Miller, Inc. v. Babcock & Wilcox Can.*, 46 F.3d 138, 145 (1st Cir. 1995); *Boit v. Gar-Tec Prods., Inc.*, 967 F.2d 671, 674-75 (1st Cir. 1992)).

Under the conventional or "prima facie" method of determining whether the plaintiff has met this burden, the court must consider "'whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.'" *Id.* (quoting *Boit*, 967 F.2d at 675). Plaintiff's prima facie showing of personal jurisdiction "must be based on evidence of specific facts set forth in the record" and "may not rely on unsupported allegations in [the] pleadings." *Boit*, 967 F.2d at 675.

A court may exercise jurisdiction over a defendant under either general or specific jurisdiction. *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). "General jurisdiction exists when the defendant has engaged in continuous and systematic activity in the forum, even if the activity is unrelated to the suit." *Daynard*, 290 F.3d at 51 (internal quotation omitted). To establish specific jurisdiction, a plaintiff must show that the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, grants jurisdiction. *Id.* Because that statute is coterminous with due process, however, a court may properly focus on the constitutional standards. *Id.*

"'The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties or relations.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-71 (1985)). Thus, for a court to hear a case against a defendant who is not present in the forum, the defendant must have such minimum contacts with the forum that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Here, plaintiffs have submitted no evidence whatever to support a finding of personal

3

jurisdiction.  Indeed, it appears that plaintiffs entirely misapprehended the basis of defendant's motion.  The relevant allegations in the complaint, which for purposes of this motion are undisputed, are that LaChapelle is an individual and a citizen of Connecticut and that the automobile accident occurred in Connecticut.  The return of service indicates that LaChapelle was served by mail in Connecticut.  He has not consented to the jurisdiction of this Court.

Based on those facts, the Court concludes that it lacks personal jurisdiction over LaChapelle.  Plaintiffs have not established that LaChapelle has meaningful contacts with Massachusetts related to the accident underlying this case, which occurred on a highway in Connecticut, nor have they proved that he has continuous and systematic activities in Massachusetts unrelated to the accident.  *See id.*  Under the circumstances, it would offend "'traditional notions of fair play and substantial justice'" to require LaChapelle to defend this case in Massachusetts.  *Id.* (quoting *International Shoe*, 326 U.S. at 316).

### B. Transfer Pursuant to 28 U.S.C. § 1631

Having determined that it lacks personal jurisdiction over defendant, the Court must determine an appropriate outcome.  Section 1631 of Title 28 permits a court to transfer, rather than dismiss, an action over which it lacks jurisdiction.  The statute provides:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ,and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631.  The language of § 1631 speaks broadly of "a want of jurisdiction," leading many courts to conclude that it applies to both subject-matter and personal jurisdiction alike.  *See,*

*e.g.*, *Cimon v. Gaffney*, ___ F.3d ___, 2005 WL 552858, *5 n.21 (1st Cir. 2005) (reserving decision on the issue but stating that it was "inclined to read § 1631 as allowing for transfers where a federal court lacks any type of jurisdiction (including personal jurisdiction)"). *But see, e.g.*, *Pedzewick v. Foe*, 963 F. Supp. 48, 49-50 (D. Mass. 1997) (relying on the legislative history of § 1631 in concluding that it applies only to subject-matter jurisdiction).

      The Court concludes that the interests of justice favor transferring this case to the District of Connecticut.[1] That court presumably has personal jurisdiction over LaChapelle, given that he is a citizen of Connecticut and that the events alleged in the complaint took place there. Further, without expressing an opinion on the issue, it appears that dismissal of this action rather than transfer might possibly result in plaintiffs' being barred from any recovery on their negligence claim. *See* Conn. Gen. Stat. § 52-584 (providing a two-year statute of limitations for personal-injury claims founded on negligence). Courts have employed § 1631 in similar circumstances. *See Gray v. Lewis & Clark Expeditions, Inc.*, 12 F. Supp. 2d 993, 999 (D. Neb. 1998) (finding lack of personal jurisdiction and transferring under § 1631 to avoid a potential statute-of-limitations problem); *O'Neal v. Hatfield*, 921 F. Supp. 574, 576 (S.D. Ind. 1996) ("[W]ere we to dismiss the case, plaintiffs would likely be barred by the applicable statute of limitations from re-filing the suit in the proper jurisdiction."); *Martin v. Nickels & Dimes, Inc.*, 804 F. Supp. 83, 87 (D. Haw. 1992) (concluding that equity favored a transfer because dismissal would bar the party from seeking relief in the appropriate forum).

      Accordingly, in the interests of justice, the Court will transfer this case to the District of

---

[1] *Sua sponte* transfer is appropriate under § 1631. *See Harris v. McCauley*, 814 F.2d 1350, 1352 (9th Cir. 1987) ("A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.").

Connecticut pursuant to 28 U.S.C. § 1631 based on "want of jurisdiction" in this District.

## III.     Conclusion

For the reasons set forth above, the Court *sua sponte* TRANSFERS this case to the United States District Court for the District of Connecticut.  Defendant's motion to dismiss is DENIED as moot.

**So Ordered.**

　　　　　　　　　　　　　　　　　　　　　　/s/  F. Dennis Saylor IV
　　　　　　　　　　　　　　　　　　　　　　F. Dennis Saylor IV
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: March 22, 2005